Andrea K. George
10 North Post Street, Suite 700
Spokane, Washington 99201
509.624.7606
Attorney for Carlos Manuel Marquez-Pierce

United States District Court
Eastern district of Washington

| | |
|---|---|
| United States, | No. 19-00108-WFN |
| Plaintiff, | 21-00016-WFN |
| v. | |
| Carlos Manuel Marquez-Pierce, | Sentencing Memorandum |
| Defendant. | |

## I.    Introduction

Carlos Marquez-Pierce's mother abandoned him with his grandmother at birth, choosing heroin instead of her child. When Mr. Marquez-Pierce was six, she decided she could take care of him and moved him in with her and a revolving series of stepfathers. From ages six to 12, those men would hold the small child to the ground, beat him with wooden spoons and whip him with coat hangers. Mr. Marquez-Pierce's mother frequently left him with baby-sitters, in particular one that sexually abused him, "on more occasions than I can count."

Mr. Marquez-Pierce met his father for the first and only time when he was nine. An alcoholic who frequently drank to intoxication, Kenneth Pierce died in 2015 after providing no contribution to Mr. Marquez-Pierce's upbringing.

Although Mr. Marquez-Pierce moved out of his mother's residence when he was 12, the damage was done. He bounced between family members until his incarceration in 2019. He never received treatment for the abuse he had suffered. He attempted suicide twice, once at 18 when he awoke hanging from a garage door with a rope tied around his neck, and once at 21 when he cut himself seeking attention from his family. No one noticed his injury.

These cases involve a global resolution of Mr. Marquez-Pierce's matters with the Eastern District of Washington, District of Idaho, and Spokane County. Mr.

Marquez-Pierce entered guilty pleas in the original Eastern District of Washington matter (19-00108-WFN) to Production of Child Pornography and Enticement of a Minor, pertaining to victim A.S. The parties have agreed to a 23-year term of imprisonment pursuant to Fed. R. Crim. P. 11(c)(1)(C).

Mr. Marquez-Pierce's indictment in the District of Idaho was transferred to the Eastern District of Washington (21-00016-WFN), where Mr. Marquez-Pierce entered a guilty plea to Sexual Abuse of a Minor, pertaining to victim E. The parties jointly recommend that sentence run concurrently with the sentence under the original Eastern District of Washington matter (19-00108-WFN).

In exchange for Mr. Marquez-Pierce, at 23 years of age, agreeing to this lengthy federal sentence, Spokane County will dismiss its charges pertaining to Victim J after judgment is filed in these cases. Mr. Marquez-Pierce will be prohibited from having contact with all three victims, A.S., E, and J, as both a condition of the plea agreement and that of supervised release.


## II.    Discussion

Mr. Marquez-Pierce has resolved all issues with the draft Presentence Investigation Report and has no further objections.  He asks this Court to accept the 11(c)(1)(C) plea agreement and impose a 23-year sentence. He also asks the

Court to write a letter to BOP seeking designation into the Sexual Offender Management Program (SOMP) at FCI Englewood, CO, or as an alternative, the SOMP at FCI Seagoville, TX. Mr. Marquez-Pierce will be safest in a SOMP program as they house offenders with similar convictions. This will further allow him to receive treatment for the sexual abuse he suffered and address the sexual deviancy issues underlying these offenses.

Mr. Marquez-Pierce would also request a brief delay in the USPO uploading the PSIR into E-DES in order to amend the PSIR to include the state charges were dismissed. With the pending state charges, Mr. Marquez-Pierce's security level with BOP drastically increases. Mr. Marquez-Pierce would request that the government immediately pass the judgment to the Spokane County Prosecuting Attorney's Office, and defense counsel will immediately pass it to Mr. Marquez-Pierce's state public defender.

**Twenty-three years is a significant sentence.**  Mr. Marquez-Pierce is asking the Court to impose a 23-year (276-month) sentence. Mr. Marquez-Pierce is 23 years old. This sentence is equivalent to the length of his life to date. Before being incarcerated on these charges, the longest period of time Mr. Marquez-Pierce spent in jail was 75 days. This would be is a lengthy sentence for anyone, let alone

someone who is Mr. Marquez-Pierce's age.  This sentence certainly accomplishes a punitive effect.

A twenty-three year sentence also deters.  Mr. Marquez-Pierce is barely an adult now. He will be in his 40s by the time he is released, even with good time. Significant change, reflection, and maturity occur between one's 20s and 40s. It is likely Mr. Marquez-Pierce will not be the same person by the time he is released.

A longer sentence would serve little purpose.  According to a March 2018 report from the U.S. Sentencing Commission, longer prison sentences have no impact on recidivism rates. *See Recidivism Among Federal Offenders Receiving Retroactive Sentencing Reductions* (March 2018) ("The recidivism rates were virtually identical for offenders who were released early through retroactive application of the FSA Guideline Amendment and offenders who had served their full sentences before the FSA guideline retroactivity took effect.").

A twenty-three year sentence will not be significantly shortened. Because this is a production of child pornography conviction, Mr. Marquez-Pierce will not be eligible for an RDAP or FSA reduction.

In addition to quantity of time, there is also quality of time. Since July of 2019, Mr. Marquez-Pierce has been incarcerated at the Spokane County Jail, where he is on lockdown 23 hours per day during the week, and 24 hours per day during

the weekend. Harsh pretrial conditions have served as a basis for a variance (or, in this case, a factor supporting the 11(c)(1)(C) sentence). *See, e.g., U.S. v. Pressley*, 345 F.3d 1205 (11th Cir. 2003) (remanding to district court and confirming that the court may impose its proposed departure of 24 months based on the significant time the defendant spent in pretrial confinement, primarily on 23-hour per day lockdown); *see also U.S. v. Ortiz*, 2007 WL 4208802 (D. N.J. Nov. 27, 2007) (explaining variance for multiple defendants based on pretrial confinement at county jail). This is tough time. And it will not be getting much easier, as Mr. Marquez-Pierce enters the BOP as a young sex offender. When all factors are considered, this is a significant sentence.

**Mr. Marquez-Pierce is a product of his upbringing.**

While it does not excuse Mr. Marquez-Pierce's offenses or lessen his remorse for his victims, Mr. Marquez-Pierce's traumatic upbringing set him up to commit these offenses. He was physically abused from age six and sexually abused from age 9. These are formative years when children should not have many cares in the world. Instead, small Mr. Marquez-Pierce lived in fear of the next time he would be beaten or raped by an adult who was supposed to be caring for him. That trauma did not teach him appropriate sexual boundaries. Furthermore, when the adults in his life were not abusing him, they were neglecting him. His mother was

more interested in getting high and his father more interested in getting drunk than in nurturing this small child.

Unsurprisingly, Mr. Marquez-Pierce himself turned to substances and self-harm. He still did not receive the attention he had so lacked as a child. When he was bleeding from a self-inflicted would, no one in his family cared enough to take him to the hospital.

Mr. Marquez-Pierce, during this lengthy sentence, will at the very least be accorded the opportunity to heal from his childhood and learn his offense cycle. He will likely be a different man when he finally achieves release from BOP.

### III.    Conclusion

These cases resolve Mr. Marquez-Pierce's matters in the Eastern District of Washington, District of Idaho, and Spokane County, to an agreed upon 23-year term of imprisonment.  This sentence meets the factors within §3553(a) by accomplishing a punitive and deterrent effect. The sentence is sufficient but not greater than necessary for the reasons delineated above. Mr. Marquez-Pierce asks the Court to follow the 11(c)(1)(C) agreement.

Dated:  April 22, 2021

Federal Defenders of Eastern Washington & Idaho


s/Andrea K. George

Andrea K. George, MN 202125
10 North Post Street, Suite 700
Spokane, Washington 99201
t: (509) 624-7606
f: (509) 747-3539
Andrea_George@fd.org

/s/Brooke D. Hagara

Brooke D. Hagara, WSBA 35566
1408 West Broadway
Spokane, WA 99201
t: (509) 323-9000
f: (509) 324-9029
brooke@hagaralaw.com

Service Certificate

I certify that on April 22, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will notify Assistant United States Attorney:  Ann Wick.

/s/*Brooke D. Hagara*

Brooke D. Hagara, WSBA 35566
1408 West Broadway
Spokane, WA 99201
t: (509) 323-9000
f: (509) 324-9029
brooke@hagaralaw.com