Joseph H. Harrington
Acting United States Attorney
Eastern District of Washington
Ann T. Wick
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CARLOS MANUEL MARQUEZ-PIERCE,<br><br>Defendant. | Case Nos.: 2:19-CR-00108-WFN<br>2:21-CR-00016-WFN<br><br>**UNITED STATES'**<br>**SENTENCING MEMORANDUM** |

Plaintiff, United States of America, by and through Joseph H. Harrington, Acting United States Attorney for the Eastern District of Washington, and Ann T. Wick, Assistant United States Attorney for the Eastern District of Washington, submits the government's sentencing memorandum. The government agrees with the PSR's sentencing calculations and recommends, pursuant to the plea agreements governing each case, that the Court sentence Defendant to a term of imprisonment of 23 years, followed by a life term of supervised release, in Case No. CR 19-108-WFN, and a concurrent 15 years, followed by a life term of supervised release, in Case No. CR 21-

UNITED STATES' SENTENCEING MEMORANDUM - 1

16-WFN. The government specifically requests the Court accept and follow the joint recommendations of the Rule 11(c)(1)(C) plea agreement in CR 19-108-WFN.

## BACKGROUND

Defendant entered guilty pleas in two cases: production of child pornography in an Eastern District of Washington case; and sex abuse of a minor in a case transferred to the Eastern District of Washington from the District of Idaho. The plea agreements, particularly the plea agreement in CR 19-108, ECF No. 68, call for a 23-year sentence, with the sentences imposed in each case running concurrently, and a life term of supervised release. The parties also jointly request a no contact order, in addition to such term and condition of supervised release, as to all three victims described in the plea agreements and PSR.

The Spokane County Prosecutor's Office is dismissing charges it filed against Defendant, based on the plea agreements reached in the federal cases. There are no restitution requests to present to the Court; however, there are special assessments applicable, with a potential total of $55,100, depending on findings by the Court. Of this potential total, the government is asking only that assessments totaling $15,100 be imposed.

///

///

///

UNITED STATES' SENTENCEING MEMORANDUM - 2

# SENTENCING CALCULATION

## I. Statutory Maximum and Minimum Sentence

For the defendant's conviction for production of child pornography, in violation of 18 U.S.C. § 2251(a), the Court may impose a maximum term of imprisonment of 20 years, a fine of up to a $250,000, and special assessments totaling up to $55,100. The Court must impose a minimum term of imprisonment of at least fifteen (15) years and a term of supervised release of at least five years, which term may be as great as life.

For the defendant's conviction for sex abuse of a minor, in violation of 18 U.S.C. §§ 2243(a) and 1153, the Court may impose a maximum term of imprisonment of 15 years, a fine of up to a $250,000, and special assessments totaling $5,100. The Court must impose a minimum term of imprisonment of at least fifteen (15) years and a term of supervised release of at least five years, which term may be as great as life.

## II. United States Sentencing Guidelines Calculation

"As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007).

### A. Offense Level Calculation

The initial Presentence Investigation Report (PSR) correctly calculated the defendant's total offense level as 43. PSR ¶ 80. Neither party filed an objection to this calculation.

UNITED STATES' SENTENCEING MEMORANDUM - 3

### B. Criminal History Calculation

The PSR correctly calculated the defendant's criminal history category as Category I, based on a total of zero points. PSR ¶ 94. Neither party filed an objection to this calculation.

### C. Advisory Guideline Range

Based upon a total offense level of 43 and a criminal history category of I, the advisory guideline imprisonment range is life. PSR ¶ 151. However, with statutory maximum sentences of 30 and 15 years, the advisory guideline term of imprisonment in this case is 540 months. *Id*.

## IMPOSITION OF SENTENCE

### I. Imposition of a Sentence under 18 U.S.C. § 3553

#### 18 U.S.C. § 3553(a) factors

##### 1. The nature and circumstances of the offense

Over the course of nearly two years, Defendant preyed upon three young girls, ages 11 and 12. PSR ¶¶ 15-42, 81-89. The details, which include many instances of hands-on sexual conduct and the visual recording of sex acts performed with one of the victims, are accurately summarized in the PSR. As noted in the PSR, Defendant's conduct also included distributing pornographic images of one of his victims to others. PSR ¶¶ 34, 38. The Defendant's conduct supports the jointly recommended 23-year sentence, followed by a life term of supervised release.

UNITED STATES' SENTENCEING MEMORANDUM - 4

2. <u>The history and characteristics of the defendant</u>

Defendant was previously convicted in Spokane Tribal Court of Child Abuse, stemming from a sexual relationship with a 14-year-old girl when Defendant was 19. PSR ¶¶ 95-103. Other details of Defendant's history, including his childhood, are presented in the PSR. The defendant's history and characteristics are adequately taken into consideration in the variance from the guidelines represented by the jointly recommended 23 years.

3. <u>The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment.</u>

A sentence of 23 years, in this case, provides just punishment, promotes respect for the law, and reflects the seriousness of Defendant's offense.

4. <u>The need for the sentence imposed to afford adequate deterrence and to protect the public.</u>

The jointly recommended 23-year sentence and life term of supervised release serves the goal of deterrence and protects the public.

5. <u>The kinds of sentences available</u>

The Rule 11(c)(1)(C) plea agreement calls for the Court to sentence Defendant to prison for 23 years, followed by a life term of supervised release. Additionally, the Court may impose of fine of up to $250,000 and shall impose various special assessments.

UNITED STATES' SENTENCEING MEMORANDUM - 5

6. <u>The established sentencing range</u>

Based upon the statutory maximums, a total offense level of 43, and a criminal history category of I, the advisory guideline term of imprisonment in this case is 540 months.  Notwithstanding this advisory guideline term, the parties jointly request a sentence of 23 years, followed by a life term of supervised release, and submit that the facts of Defendant's two cases support such a sentence.

7. <u>The need to avoid unwarranted sentence disparities</u>

The jointly requested sentence avoids unwarranted sentence disparities.

8. <u>The need to provide restitution to any victims of the offense</u>

The victims are not seeking restitution.

## II. **$5,000 Special Assessment of the JVTA**

The United States seeks the imposition of a $5,000 special assessment pursuant to the Justice for Victims of Trafficking Act (JVTA).  Assessments paid under the JVTA are deposited into the Domestic Trafficking Victims Fund for grants to enhance programs that assist trafficking victims and provide services for victims of child pornography.

Under the JVTA, the Court "shall assess an amount of $ 5,000 on any non-indigent person or entity convicted of an offense under ... (3) chapter 110 (relating to sexual exploitation and other abuse of children)." 18 U.S.C. § 3014(a)(3).  In imposing a JVTA assessment, the non-indigency of a defendant is the governing deliberation and the statute does not require the court to consider the factors enumerated in 18 U.S.C.

UNITED STATES' SENTENCEING MEMORANDUM - 6

§ 3572 with respect to the entry of a non-JVTA fine.  *See generally* 18 U.S.C. § 3014 (no reference to or requirement upon the court to evaluate the 18 U.S.C. § 3572 factors when imposing a JVTA assessment).

Whether a defendant is non-indigent for the purposes of a JVTA assessment is determined not by a static snapshot of a defendant's financial condition at the time of sentencing, but instead should be based on considerations of a defendant's current <u>and</u> future financial condition.

> [A] district court must resolve two basic questions in assessing the defendant's indigency: (1) Is the defendant impoverished now; and (2) if so, does the defendant have the means to provide for himself so that he will not always be impoverished?
>
> …
>
> Because the defendant's obligation to pay persists for at least twenty years after his sentencing, it would make little sense for the district court to consider only the defendant's financial condition at the time of sentencing. That snapshot in time may not accurately represent the defendant's condition five, ten, or twenty years after sentencing. Rather, the defendant's employment prospects and earnings potential are probative of his ability to pay the assessment—and are fair game for the court to consider at sentencing.

*United States v. Shepherd*, 922 F.3d 753, 758 (6th Cir. 2019)

In this matter, Defendant is non-indigent for the purposes of imposing a JVTA assessment due to (1) his expected Bureau of Prisons financial responsibility earnings during his period of incarceration, (2) his tribal funds received every three to six months (PSR ¶ 120), and (3) his future earning potential and ability to pay post-prison.  In addition, the lack of any restitution, fine, or other monetary penalties imposed on

UNITED STATES' SENTENCEING MEMORANDUM - 7

Defendant in this case means that he will be able to use his prison and post-prison earnings to pay the JVTA assessment.

The parties jointly agree to the imposition of 23-year sentence. A typical judgment imposing a monetary penalty requires a defendant to participate in the Bureau of Prison's Inmate Financial Responsibility Program and pay $25 per quarter towards any outstanding monetary penalty. In this case, because the Defendant does not have any restitution or fines to pay, he would be able to pay $25 per quarter through the IFRP during his period of incarceration towards the JVTA assessment. With 23 years of incarceration, the Defendant would pay $2,300 through the IFRP, which is nearly half of the total JVTA assessment.

In addition to his earnings while incarcerated, the Court should consider Defendant's post-incarceration earning potential. As noted above, when examining the indigency of a defendant, the district court should consider the defendant's "future financial condition—such as his earnings potential—when making the indigency determination." *Shepherd*, 922 F.3d at 758 (citing *United States v. Graves*, 908 F.3d 137, 141–42 (5th Cir. 2018); *United States v. Janatsch*, 722 F. App'x 806, 811 (10th Cir. 2018); *United States v. Lail*, 736 F. App'x 381, 382 (4th Cir. 2018); *United States v. Kelley*, 861 F.3d 790, 802 (8th Cir. 2017); *United States v. Strange*, 692 F. App'x 346, 349 (9th Cir. 2017). Here, Defendant will be in his forties when he is released from prison. He will have a significant time period of working age to find and engage in gainful employment post-prison. As a tribal member, he will also receive tribal

UNITED STATES' SENTENCEING MEMORANDUM - 8

funds. A payment of $50 per month post-prison would satisfy the expected outstanding JVTA balance of $2,700 within 4.5 years, or 9 years if paying $25 per month.[1] Accordingly, it is well within a reasonable possibility that the Defendant will have sufficient future earnings potential to support a non-indigency determination in imposing a JVTA assessment.

The fact that a defendant is represented by appointed counsel is "probative but not dispositive" of indigence under § 3014. *Shepherd*, 922 F.3d at 759. This is because indigence is not the standard for appointment of counsel. *Id*. Rather, the Criminal Justice Act authorizes appointment of counsel when a defendant is "financially unable to obtain adequate representation." *Id*. (citing 18 U.S.C. § 3006A(a)). "[T]he standard of financial inability is 'something less than indigency or destitution.'" *Id*. (quoting *Brown v. United States*, 716 F. App'x 488, 492 (6th Cir. 2017) (quoting *United States v. Harris*, 707 F.2d 653, 660 (2d Cir. 1983))). This, as *Shepherd* explained, "is a matter of common sense: a criminal defendant might be unable to pay a six-figure legal bill and yet still possess the means of subsistence. Although all indigent defendants might be financially unable to obtain adequate legal counsel, the inverse is not necessarily true." *Id*.

Rather than request a fine, the government respectfully requests the Court impose the JVTA special assessment.

---

[1] JVTA fines expire 20 years from a defendant's release from prison. 18 U.S.C. § 3613(b).

UNITED STATES' SENTENCEING MEMORANDUM - 9

### III.    $50,000 Special Assessment of the AVAA

The United States seeks the imposition of a $10,000 assessment pursuant to the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018 (AVAA). Assessments paid under the AVAA are deposited into the Child Pornography Victims Reserve, which funds are available to victims in partial or full satisfaction of their restitution claims. 18 U.S.C. §§ 2259B(b), 2259(d). "It is the intent of Congress that victims of child pornography be compensated for the harms resulting from every perpetrator who contributes to their anguish. Such an aggregate causation standard reflects the nature of child pornography and the unique ways that it actually harms victims." AVAA, PL 115-299, December 7, 2018, 132 Stat 4383.

Under the AVAA, the Court shall assess "not more than $50,000 on any person convicted of a child pornography production offense." 18 U.S.C. § 2259A(a)(3). This assessment is "in addition to any other criminal penalty, restitution, or special assessment authorized by law." § 2259A(a). Imposition of an AVAA assessment "does not relieve a defendant of, or entitle a defendant to reduce the amount of any other penalty by the amount of the assessment." 18 U.S.C. § 2259A(2).

In determining the amount of AVAA assessment to impose, the Court shall "consider the factors set forth in sections 3553(a) and 3572." 18 U.S.C. § 2259A(c). These factors include, in addition to the 3553(a) factors discussed above:

(1) The defendant's income, earning capacity, and financial resources;

UNITED STATES' SENTENCEING MEMORANDUM - 10

> (2) The burden that the fine will impose upon the defendant, any person who is financially dependent on the defendant, or any other person (including a government) that would be responsible for the welfare of any person financially depending on the defendant, relative to the burden that alternative punishments would impose;
> (3) Any pecuniary loss inflicted upon others as a result of the offense;
> (4) Whether restitution is ordered or made and the amount of such restitution;
> (5) The need to deprive the defendant of illegally obtained gains from the offense;
> (6) The expected costs to the government of any imprisonment, supervised, release, or probation component of the sentence; [and]
> (7) Whether the defendant can pass on to consumers or other persons the expense of the fine.

18 U.S.C. § 3572(a).

Here, as discussed above, Defendant has the capacity for future earnings in three ways: through participation in the Bureau of Prison's Inmate Financial Responsibility Program, from employment upon his release from prison while still in his early forties, and from his tribal funds, doled out every 3-6 months. According to the PSR, there is a balance in Defendant's tribal funds after the mother of Defendant's child uses some of the funds to care for the child, which balance provides Defendant a "stipend." PSR ¶ 120. This means that imposition of an AVAA assessment in the low amount requested by the government will not unfairly burden Defendant, Defendant's dependent, or the child's mother. *See* 18 U.S.C. § 3572(a)(2).

Defendant's three victims are not seeking restitution at this time. However, having agreed in the plea agreements to pay restitution if sought, Defendant could easily

UNITED STATES' SENTENCEING MEMORANDUM - 11

have been obligated to pay $50,000 in restitution per victim. *See e.g.*, *United States v. Dale Black*, 4:18-cr-06029-EFS (May 15, 2020) (ECF No. 123) (ordering restitution for $200,000 per minor victim for production of child pornography in violation of 18 U.S.C. 2251). Indeed, if Defendant was subject to a restitution order approaching $50,000 per victim, that would be a § 3572 factor weighing against imposition of an AVAA assessment. 18 U.S.C. § 3572(a)(4). Instead, Defendant will pay nothing in restitution, and the government is requesting only a $10,000 AVAA assessment.

Without restitution or fines to pay, Defendant would be able to pay $25 per quarter through the IFRP during his period of incarceration towards any assessment. With 23 years of incarceration, the Defendant would pay $2,300 through the IFRP, which is nearly a quarter of the requested $10,000 AVAA assessment. Defendant then will be young enough upon his release from prison to have many years of gainful employment. A payment of $50 per month post-prison would satisfy the expected outstanding AVAA balance of $7,700 in less than 13 years. Accordingly, it is well within a reasonable possibility that the Defendant will have sufficient future earnings potential and assets to satisfy both the proposed AVAA assessment and the JVTA assessment, without burdening Defendant's dependent or anyone else responsible for that child's care. If the Court imposes both an AVAA assessment and a JVTA assessment, Defendant's payments would go first to the AVAA assessment. 18 U.S.C. § 2259A(d)(2).

UNITED STATES' SENTENCEING MEMORANDUM - 12

## CONCLUSION

Application of 18 U.S.C. § 3553 supports the jointly recommended 23-year sentence in this case. The government submits that such a sentence is sufficient, but not greater than necessary, to accomplish the goals of sentencing, and that a lesser sentence is not supported by application of the 18 U.S.C. § 3553(a) factors. The government additionally requests imposition of the mandatory JVTA special assessment in the amount of $5,000 and the AVAA special assessment in the amount of $10,000.

Dated: April 23, 2021.

Joseph H. Harrington
Acting United States Attorney

*s/ Ann T. Wick*
Ann T. Wick
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on April 23, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to defense counsel of record:

*s/ Ann T. Wick*
Ann T. Wick
Assistant United States Attorney

UNITED STATES' SENTENCEING MEMORANDUM - 13